IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KRISTEN WHORTON
and JEFFERY WILKEY                                                                    PLAINTIFFS

v.                              Case No. 4:21-cv-00795 KGB

GROVE C-STORE, LLC, VENKATA
KIRAN KUMAR MELAPU, and
SRAVANTHI JOGINIPELLI                                                                DEFENDANTS

### ORDER

Before the Court is plaintiffs Kristen Whorton and Jeffery Wilkey's motion for clerk's entry of default (Dkt. No. 24). Plaintiffs request that the Clerk enter default in their favor under Federal Rule of Civil Procedure 55(a) (*Id.*, ¶ 15).

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

To consider a motion for default under Rule 55(a), the Clerk requires an affidavit or affirmation setting forth proof of service, including the date thereof; a statement that no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court; and a statement that the defendant against whom default is sought is not a minor, incompetent, or in military service as required by 50 U.S.C. § 3931.

Plaintiffs filed an affidavit of service and demonstrated that defendants Grove C-Store LLC, Venkata Kiran Kumar Melapu, and Sravanthi Joginipelli have failed to meet the requisite deadlines set by the Court. However, they have not provided a statement regarding defendants' minority, incompetency, or military service (Dkt. No. 24). 50 U.S.C. § 3931; Fed. R. Civ. P. 55(b)(1). Therefore, the Court denies without prejudice plaintiffs' request for entry of default (*Id.*). Plaintiffs may renew their motion for Clerk's entry of default and submit the required affidavits in support of the motion, if desired.

It is so ordered this the 14th day of August, 2023.

_____
Kristine G. Baker
United States District Judge