# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KRISTEN WHORTON**
**and JEFFERY WILKEY**                                                                              **PLAINTIFFS**

v.                                      Case No. 4:21-cv-00795 KGB

**GROVE C-STORE, LLC, VENKATA**
**KIRAN KUMAR MELAPU, and**
**SRAVANTHI JOGINIPELLI**                                                                         **DEFENDANTS**

## ORDER

Before the Court is plaintiffs Kristen Whorton and Jeffery Wilkey's renewed motion for clerk's entry of default (Dkt. No. 26). Plaintiffs request that the Clerk enter default in their favor under Federal Rule of Civil Procedure 55(a) (*Id.*, ¶ 17).

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

To consider a motion for default under Rule 55(a), the Clerk requires an affidavit or affirmation setting forth proof of service, including the date thereof; a statement that no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court; and a statement that the defendant against whom default is sought is not a minor, incompetent, or in military service as required by 50 U.S.C. § 3931.

Plaintiffs filed affidavits of service and demonstrated that defendants Grove C-Store LLC, Venkata Kiran Kumar Melapu, and Sravanthi Joginipelli have failed to meet the requisite deadlines set by the Court.  Plaintiffs' previous motion was denied without prejudice because it lacked a statement regarding defendants' minority, incompetency, or military service (Dkt. No. 25 (citing 50 U.S.C. § 3931; Fed. R. Civ. P. 55 (b)(1))).  Plaintiffs' renewed motion for clerk's entry of default includes these required statements (Dkt. Nos. 26, ¶¶ 15-16; 26-1).  Therefore, the Court hereby refers the motion for entry of default to the Clerk of the Court for consideration.  If a Clerk's default is entered, the Court directs that the motion not be termed.  If a Clerk's default is entered, the Court will consider the motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

It is so ordered this the 10th day of October, 2023.

*[Signature: Kristine G. Baker]*

Kristine G. Baker
United States District Judge