# SETTLEMENT AGREEMENT AND RELEASE

1.    This Settlement Agreement and Release ("Agreement") is entered into by and between Kristen Whorton and Jeffery Wilkey ("Plaintiffs") and Grove C-Store LLC, Venkata Kiran Kumar Melapu and Sravanthi Joginipelli ("Defendants"). Plaintiffs and Defendants are jointly referred to herein as the "Parties."

2.    <u>Statement of Pending Claims</u>.  On September 7, 2021, Plaintiffs filed the Civil Action, *Kristen Whorton, et al. v. Grove C-Store LLC, et al.*, No. 4:21-cv-795-KGB in the United States District Court for the Eastern District of Arkansas (the "Action"). In the Action, Plaintiffs claim that Defendants failed to pay Plaintiffs their proper minimum wage and overtime amounts due under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

3.    <u>Non-Admission</u>.  Defendants deny they or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.    <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendants agree to pay Plaintiffs and Plaintiffs' counsel the total sum of **Eight Thousand Dollars** ($8,000.00). Defendants shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, in the following amounts and manner:

    a.    Within thirty (30) days of Plaintiffs' execution of this Agreement, Defendants will deliver two checks totaling $3,000.00:

        i.    One check for $1,500.00 made payable to Kristen Whorton; and

        ii.    One check for $1,500.00 made payable to Jeffery Wilkey.

    b.    Within sixty (60) days of Plaintiffs' execution of this Agreement, Defendants will deliver two checks totaling $3,000.00:

        i.    One check for $1,000.00 made payable to Kristen Whorton; and

     ii. One check for $2,000.00 made payable to Sanford Law Firm, PLLC.

  c. Within ninety (90) days of Plaintiffs' execution of this Agreement, Defendants will begin payment of $2,000.00 to Sanford Law Firm, PLLC, in the form of four monthly installments in the amount of $500.00 each.

  d. All payments shall be made without withholdings, and Defendants shall issue IRS Form 1099s to the respective parties.

 5. <u>Dismissal of Claims with Prejudice</u>.  Within three (3) days of receipt by Sanford Law Firm of all of the payments set forth in Paragraph 4(a) and (b), Plaintiffs will file a joint stipulation of dismissal of the action with prejudice, in a form to be agreed upon by the Parties.

 6. <u>Release of Claims</u>.  In exchange for the promises contained herein, Plaintiffs hereby fully, finally and forever release and discharge Defendants, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiffs sign this Agreement, against Defendants for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and AMWA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

 7. <u>Covenant Not to Sue</u>.  Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

 8. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>.  Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiffs from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

9. <u>Neutral Reference</u>.  Defendants shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiffs. If a reference from a prospective employer is sought from Defendants regarding Plaintiffs, Defendants shall provide the reference within a reasonable time, and shall provide only dates of employment, last salary or rate of pay and last position or title.

10. <u>Entire Agreement</u>.  This Agreement contains the entire agreement and understanding between Plaintiffs and Defendants with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendants.

11. <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12. <u>Choice of Law</u>.  This Settlement Agreement and Release is to be interpreted pursuant to the laws of Arkansas, except where the application of federal law applies.

13. <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

14. <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

15. <u>Counterparts</u>.  The Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendants shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

16. <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by

Doc ID: 41f054a151fba1e21ce7f43b6169a00d12640c78

the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| _____ *(signed)* | _____ |
| **Kristen Whorton** | **Grove C-Store LLC** |
| | By (print): _____ |
| Date: 12 / 13 / 2022 | Date: _____ |
| _____ *(signed)* | |
| **Jeffery Wilkey** | _____ |
| | **Venkata Kiran Kumar Melapu** |
| Date: 12 / 15 / 2022 | Date: _____ |
| | _____ |
| | **Sravanthi Joginipelli** |
| | Date: _____ |

- 4 -