IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KRISTEN WHORTON and JEFFERY WILKEY**                                    **PLAINTIFFS**

vs.                                  No. 4:21-cv-795-KGB

**GROVE C-STORE, LLC, VENKATA**                                           **DEFENDANTS**
**KIRAN KUMAR MELAPU and**
**SRAVANTHI JOGINIPELLI**

## BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT FOR SUM CERTAIN

### I.      INTRODUCTION

Plaintiffs Kristen Whorton and Jeffery Wilkey ("Plaintiffs") are entitled by operation of law to a judgment by default against Grove C-Store, LLC, Venkata Kiran Kumar Melapu and Sravanthi Joginipelli (collectively "Defendants") as a result of Defendants' failure to fulfill their obligations pursuant to the parties' Settlement Agreement. Plaintiffs are entitled to judgment against Defendants in the amount of $7,500.00, which is the remaining settlement balance.

### II.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed their Original Complaint on September 7, 2021, against Defendants Grove C-Store, LLC, Venkata Kiran Kumar Melapu and Sravanthi Joginipelle (collectively "Defendants"). ECF No. 1. Defendants, through representation, filed their Answer on October 18, 2021. ECF No. 6. The parties reached a settlement in November of 2022 in which Defendants agreed to pay a total of $8,000.00 dispersed as follows: Defendants agreed to pay Plaintiff Whorton $2,500.00 and Plaintiff Wilkey $1,500.00 to settle all FLSA claims and agreed to pay the Sanford Law Firm $4,000.00 to settle fees and costs of the

Kristen Whorton, et al. v. Grove C-Store, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-795-KGB
Brief in Support of Motion for Default Judgment for Sum Certain

litigation. Decl. of Josh Sanford ("Decl. Sanford") ¶ 5, attached as Ex. 1. Defendants did not return a signed Settlement Agreement to Plaintiffs' counsel, but on December 15, 2023, Defendants executed and delivered a check to the Sanford Law Firm in the amount of $500.00, indicating Defendants' acceptance of the Settlement Agreement and an intention to honor the terms. *Id.* at ¶ 6. The memo line on the check was labeled as "Payment one of 16." *Id*.

On January 6, 2023, Defendants' counsel withdrew from the case and the Court directed Defendants to obtain counsel. ECF No. 19. When Defendants failed to notify the Court regarding the acquisition of new counsel by the deadline prescribed, the Court entered an Order observing that "defendant Grove C-Store, LLC, is a business entity without legal representation," and "separate defendants Mr. Melapu and Ms. Joginpelle are appearing *pro se*." Order, ECF No. 20. Plaintiffs' subsequent attempts to contact Defendants were unsuccessful, and Plaintiffs pursued a Clerk's Entry of Default, which was entered on May 9, 2024. ECF No. 33. Because Defendants remain unreachable, Plaintiffs require a judgment from this Court to enforce the terms of the Settlement Agreement. Accordingly, Plaintiffs request judgment against Defendants in the amount of $7,500.00, which is the remaining balance on the agreed settlement amount.

### III.    LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, following the entry of a party's default by the Clerk, the Court may enter a default judgment against the defaulting party upon application by the non-defaulting party. Fed. R. Civ. P. 55. When entering a default judgment, the Court takes the facts alleged in the non-defaulting party's complaint as true. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("It is axiomatic

Page 2 of 5
Kristen Whorton, et al. v. Grove C-Store, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-795-KGB
Brief in Support of Motion for Default Judgment for Sum Certain

that when a default judgment is entered, facts alleged in the complaint may not be later contested.").

Where the claim is for an indefinite or uncertain amount of damages, facts relating to the amount of damages must be proved in a supplemental hearing or proceedings. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). But where, as here, the claim is for a sum certain, no evidentiary hearing is required, and the need for an evidentiary hearing is within the sound discretion of the trial court. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 n.11 (8th Cir. 2008) (citing *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003) (a claim is a sum certain where there is no doubt as to the amount to which the plaintiff is entitled as a result of the defendant's default); *See also Holman v. National Postal Mail Handlers Union*, 117 F.3d 1422 (8th Cir. 1997) (district court not required to hold an evidentiary hearing where out-of-pocket medical expenses "were capable of ascertainment from definite figures in Holman's affidavit.").

## IV.   ARGUMENT

Plaintiffs have established that they entered into a binding agreement with Defendants that resolved all claims between the parties. Defendants deny any liability under the FLSA but agreed to pay Plaintiffs as set forth in the Settlement Agreement in exchange for Plaintiffs' release of all claims against Defendants. The parties agreed on the amounts Defendants were to pay, as well as the timeline and installment amounts to be paid.

Under Arkansas law, the elements of a contract are "(1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218, 289 S.W.3d 466, 470 (2008) (citing

Page 3 of 5
Kristen Whorton, et al. v. Grove C-Store, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-795-KGB
Brief in Support of Motion for Default Judgment for Sum Certain

*Ward v. Williams*, 354 Ark. 168, 118 S.W.3d 513 (2003)). In examining the existence of a valid contract, courts must "keep in mind two legal principles." *Id*., 289 S.W.3d at 470. First, "a court cannot make a contract for the parties but can only construe and enforce the contract that they have made; and if there is no meeting of the minds, there is no contract," and second, "it is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective indicators." *Id*., 289 S.W.3d at 470 (citing *Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (2005)).

All parties must manifest assent to the terms of the contract, which cannot be so vague as to be unenforceable. *Id.* (citing *Alltel Corp.*, 360 Ark. at 576, 203 S.W.3d at 80; *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 277 S.W.3d 562 (2008)). "Acceptance of a contract may be accomplished by words or conduct." *MDH Builders, Inc. v. Nabholz Constr. Corp.*, 70 Ark. App. 284, 17 S.W.3d 97, 100 (Ark. Ct. App. 2000). *Childs v. Adams*, 322 Ark. 424, 909 S.W.2d 641, 646 (Ark. 1995) (holding conduct manifested acceptance of a counteroffer).

Plaintiffs have established that they entered into a valid settlement agreement with Defendants. The settlement was reached after arms-length negotiations in which both parties were represented by legal counsel. Decl. Sanford ¶ 4. The Settlement Agreement is supported by consideration, and the parties are mutually obligated under it. *Id*. at ¶ 5. It is likewise supported by mutual agreement: Plaintiffs manifested their agreement by executing the Settlement Agreement and Defendants manifested their agreement by delivering a check under the Settlement Agreement's terms to Plaintiffs' counsel. *Id*. at ¶ 6. Accordingly, the parties are bound by a valid settlement agreement, and Plaintiffs now seek judgment against Defendants to enforce the terms.

Page 4 of 5
Kristen Whorton, et al. v. Grove C-Store, LLC, et al.
U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-795-KGB
Brief in Support of Motion for Default Judgment for Sum Certain

No evidentiary hearing is required to determine the amount of judgment against Defendants. Pursuant to the Settlement Agreement, Defendants are liable to Plaintiffs in the sum certain amount of $7,500.00. Plaintiffs respectfully request the Court enter a Judgment against Defendants in the amount of $7,500.00.

## V.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court enter judgment against Defendants; for a reasonable attorney's fee and costs incurred herein; and for all other good and proper relief to which they may be entitled.

Respectfully submitted,

**KRISTEN WHORTON and JEFFERY WILKEY, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 5 of 5**
**Kristen Whorton, et al. v. Grove C-Store, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:21-cv-795-KGB**
**Brief in Support of Motion for Default Judgment for Sum Certain**