IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KRISTEN WHORTON *et al.*                                                        PLAINTIFFS

v.                                   Case No. 4:21-cv-00795 KGB

GROVE C-STORE, LLC, *et al*.                                                    DEFENDANTS

ORDER

Before the Court is plaintiffs Kristen Whorton and Jeffery Wilkey's (collectively "Plaintiffs") motion for default judgment for sum certain (Dkt. No. 37). Defendants Grove C-Store, LLC, Venkata Kiran Kumar Melapu, and Sravanthi Joginipelle (collectively "Defendants") have not responded to the motion for default judgment, and the time for doing so has passed. For the following reasons, the Court grants Plaintiffs' motion for default judgment (*Id.*).

I.       Background

On September 7, 2021, Plaintiffs filed their complaint against Defendants (Dkt. No. 1), and on October 18, 2021, Defendants answered (Dkt. No. 6). Plaintiffs represent that, in November 2022, the parties reached a settlement agreement in the case (Dkt. No. 37, ¶ 2). Plaintiffs argue that Defendants did not return a signed settlement agreement, but instead Defendants executed and delivered a check to the Sanford Law Firm, counsel for Plaintiffs, for $500.00 with the memo line reading "Payment one of 16" (*Id.*, ¶ 3). On January 6, 2023, Defendants' counsel withdrew from the case, and the Court directed Defendants to obtain counsel (Dkt. No. 19). Defendants did not notify the Court that they acquired new counsel, and the Court noted that: (1) separate defendant Grove C-Store LLC is a business entity without legal representation; and (2) separate defendants Melapu and Joginpelli are appearing *pro se* (Dkt. No. 20).

Plaintiffs represent that they attempted to contact Defendants but were unsuccessful (Dkt. No. 37, ¶ 6). On August 11, 2023, Plaintiffs moved for entry of default judgment (Dkt. No. 24).

On August 14, 2023, the Court denied the motion without prejudice for failure to submit the required affidavits (Dkt. No. 25).  On August 23, 2023, Plaintiffs renewed their motion for entry of default (Dkt. No. 26).  The Court referred the motion to the Clerk of Court for consideration (Dkt. No. 30).  On May 9, 2024, the Clerk of Court entered default as to each defendant (Dkt. No. 33).  After seeking and being granted extensions (Dkt. Nos. 35, 36), Plaintiffs filed a motion for default judgment against Defendants for an amount sum certain (Dkt. No. 37).

## II.     Default Judgment

Federal Rule of Civil Procedure 55 governs default judgments.  Fed. R. Civ. P. 55.  Under Rule 55, a two-step process governs the entry of default judgment.  *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011).  First, the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  *Id.*  Then, the moving party may seek entry of judgment on the default under Rule 55(b)(1) or 55(b)(2).  Entry of default must precede a grant of default judgment.  After entry of default, the Court determines if default judgment is appropriate under Rule 55(b).

The entry of a default judgment is "committed to the sound discretion of the district court," and the Eighth Circuit reviews a district court's entry of default judgment under the abuse-of-discretion standard.  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir.1996); *United States ex rel. Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).  "Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays.  On the other hand, default judgment is not an appropriate sanction for a marginal failure to comply

with time requirements." *Ackra Direct Mktg. Corp.*, 86 F.3d at 856 (internal citations and quotation marks omitted).

The Clerk has entered properly a Clerk's Entry of Default under Rule 55(a) (Dkt No. 33). This entry of default satisfies step one. Next, the Court concludes that default judgment is appropriate and grants Plaintiffs' motion for default judgment. After considering the facts and circumstances of the case, the Court concludes that Plaintiffs have been substantially prejudiced by the failure of Defendants to engage in this litigation or pay the amount required by the settlement agreement.

Having concluded that Plaintiffs are entitled to default judgment, the Court determines the amount of damages to which they are entitled. The Court may hold an evidentiary hearing to determine damages, but a hearing is not required if the amount is ascertainable from definite figures, facts, and evidence. Fed. R. Civ. P. 55(b)(2); *Holman v. National Postal Mail Handlers Union,* 117 F.3d 1422, 1997 WL 374398, *1 (8th Cir. 1997). The Court finds that an evidentiary hearing is not necessary given the readily determinable amount of damages. Accordingly, the Court determines the amount of damages should conform to the remaining sum of the settlement agreement. As presented, Defendants have paid one of the 16 installments of $500.00. Defendants are ordered to pay the remaining $7,500.00 to Plaintiffs.

### III.    Conclusion

Plaintiffs' motion for default judgment against Defendants is granted. Defendants are ordered to pay Plaintiffs the outstanding balance of the agreement, $7,500.00, together with the post judgment interest rate of 4.10% per annum from the date of the Default Judgment until paid in full.

It is so ordered this 28th day of July, 2026.

Kristine G. Baker
United States District Judge